UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                                           Case No: 07-20403
                                                               Honorable Victoria A. Roberts

KENNETH MCALLISTER,

    Defendant.
_____/

**ORDER DENYING MOTION TO VACATE, SET ASIDE OR
CORRECT SENTENCING UNDER 28 U.S.C. § 2255 (DOC. #212)**

**I. INTRODUCTION**

Kenneth McAllister, a prisoner at Coleman Low Federal Correctional Complex in Coleman Florida, filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (§2255). McAllister alleges ineffective assistance of counsel and a violation of due process.

The Court **DISMISSES** McAllister's violation of due process claim; it is procedurally defaulted. McAllister's ineffective assistance of counsel claim is **DENIED**; McAllister does not demonstrate he suffered prejudice.

**II. BACKGROUND AND PROCEDURAL HISTORY**

On April 22, 2009, McAllister pled guilty before this Court to one count of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 841(b)(1). He was released on bond and allowed to go to Florida. On May 19, 2009 – during his release and pending federal sentencing – McAllister was charged by the state of Florida

1

for illegally distributing a controlled substance. He was taken into custody. This Court ordered a new bond hearing. At the bond hearing scheduled on January 7, 2010, the Court cancelled McAllister's bond and ordered that he be incarcerated in Michigan pending sentencing. McAllister was transferred to Michigan pursuant to a *Writ of Habeas Corpus Ad Prosequendum*. On February 2, 2010 McAllister was sentenced to 135 months in federal custody.

The state of Florida conducted a hearing on July 7, 2010 on McAllister's state charges. By then he was in federal custody pursuant to the *writ*. At that hearing, state court Judge Singer issued this order:

> It is hereby ordered that a no bond capias is issued on the defendant in this case, so that he will receive credit on this case for the time that he is serving on his federal case. It is the intent of the state to offer and the court to accept a plea of credit time served upon completion of the defendant's federal sentence. A plea of concurrent time would have been offered and accepted but for the fact the defendant was not released from federal custody and transported to the court.

(Doc. 212 at 11).

After this hearing, McAllister received a letter from his state public attorney notifying him of this state court order.

On January 7, 2011, this Court reduced McAllister's sentence to 120 months because of his cooperation with the Government. On March 9, 2011 McAllister was transported from federal custody to state custody to be sentenced in Florida. Despite the state court's July 7, 2010 order that recommended time served, the state of Florida sentenced McAllister to three years on April 1, 2011.

McAllister served approximately eight more months in Florida state custody, receiving 780 days of credit for time served. He was then released to federal custody to

2

begin his federal sentence. On December 30, 2011, McAllister received a letter from the Bureau of Prisons stating that it would not credit him for time he served in state of Florida custody prior to his federal sentencing. McAllister filed this § 2255 motion.

McAllister's § 2255 Motion alleges ineffective assistance of counsel and a violation of due process. McAllister says a 22-month credit should be applied to his federal sentence. He says his counsel failed to inform the Court that his state sentence was to run concurrent to any federal sentence, and failed to provide this Court with the state court order. McAllister asks this Court to give him 22 months credit.

The Government says the § 2255 motion is improperly labeled, and should be construed as a 28 U.S.C. §2241 (§2241) petition and dismissed for lack of jurisdiction. Alternatively, the Government says that McAllister's §2255 motion is procedurally defaulted since he failed to exhaust administrative remedies. And, even if the Court reaches the merits of the argument, the Government says relief should be denied because Florida's decision to run his state sentence concurrent to his federal sentence has no bearing on the execution of McAllister's federal sentence. The Government says McAllister cannot receive credit on his federal sentence because it was already credited to his state sentence.

### III.　STANDARD OF REVIEW

28 U.S.C. § 2255 says that a prisoner in custody pursuant to the sentence of a federal court may move the sentencing court to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the

3

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255.

## VI. ANALYSIS

### A. The Court has Jurisdiction over McAllister's § 2255 Motion.

McAllister's motion is properly before the Court.

While "[a]n attack on the execution of a sentence is properly cognizable in a 28 U.S.C. § 2241(a) habeas petition," *States v. Jalili*, 925 F.2d 889, 894 (1994), an attack on the validity of a sentence is cognizable under § 2255. *See United States v. Avery*, 1990 WL 118695, at *5 (6th Cir. Aug.15, 1990)(in a 2255 the movant must allege that the sentence was illegally imposed, the court was without jurisdiction, or that the sentence was unauthorized by law or otherwise subject to collateral attack.)

McAllister alleges two constitutional violations which undermine the validity of his federal sentence. The Sixth Circuit has repeatedly recognized § 2255 motions as a "collateral post conviction means for a federal inmate to attack his conviction and sentence." *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999). While McAllister says he does not want to disturb his sentence, in his motion he requests a twenty-two month credit to his federal sentence. In order to grant the requested relief, the Court must invalidate McAllister's federal sentence. This is an attack on the validity of the sentence.

### B. McAllister failed to exhaust administrative remedies. Consequently, his due process claim is procedurally defaulted.

The Government says even if McAllister's § 2255 motion is properly before the Court, it should be dismissed because it is procedurally defaulted. The Government

asks for outright dismissal of both claims for this reason.  The Government is partially correct.

McAllister's due process claim is procedurally defaulted because he failed to exhaust the Bureau of Prisons' Administrative Remedies Program before filing this petition.  "It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." *Little v. Hopkins*, 638 F. 2d 953, 954 (6th Cir. 1981).  The Bureau of Prisons has an Administrative Remedy Program, which enables "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 540.10.  There are numerous levels of review within this program ranging from informal resolution under § 542.13 to appeals under § 542.15.

McAllister has not demonstrated exhaustion.  The Sixth Circuit holds that dismissal of a habeas petition requesting time served on a state sentence is warranted if the movant fails to exhaust administrative remedies.  *United States v. Jenkins*, 4 Fed.Appx 241, 243 (6th Cir. 2001).  McAllister's motion does say that the Bureau of Prisons denied his request for credit, but he doesn't say that he appealed the denial and exhausted the administrative process.

McAllister's due process claim is dismissed.

**C.     Ineffective Assistance of Counsel claim is dismissed; McAllister has not demonstrated that he suffered prejudice**.

While McAllister's due process claim is dismissed for failing to exhaust available administrative remedies, his ineffective assistance of counsel claim is not. The

Government does not address this claim. The Court finds that it is not procedurally barred.

McAllister alleges that his attorney was ineffective because he failed to present Judge Singer's Order to the Court, and had he done that, the Court more likely than not would have ordered his federal sentence to be concurrent with his subsequent state sentence. However, since a federal court is not bound by a state court order, and the Court cannot award McAllister a remedy that results in double credit, McAllister fails to demonstrate prejudice under *Strickland.*

To prevail on a claim of ineffective assistance of counsel, a petitioner must show both that his lawyer's performance was deficient, and that he was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984). An attorney's performance is deficient when it falls "below an objective standard of reasonableness" as measured by "prevailing professional norms." *Id.* at 688.

To establish prejudice, a petitioner must demonstrate a "reasonable probability" that the outcome of the proceedings would have been different but for his counsel's alleged mistakes. *Id.* at 694. This standard demands that a petitioner show that the deficiency is "sufficient to undermine confidence in the outcome." *Id*.

McAllister cannot satisfy the prejudice prong of *Strickland*. McAllister has not demonstrated that had his counsel presented Judge Singer's recommended order to the Court, the outcome would have been different. Furthermore, McAllister's federal sentence is procedurally lawful.

It is important to note that although McAllister was in federal custody, it was pursuant to a *writ of habeas corpus ad prosequendum*. Since Florida was the first arresting agent, Florida maintained primary jurisdiction over McAllister until he satisfied his state sentence. *See United States v Evans*, 159 F3d 908, 912 (4th Cir. 1998):

> A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal *writ of habeas corpus ad prosequendum*. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation. … [T]he federal *writ of habeas corpus ad prosequendum* merely loans the prisoner to federal authorities.

Thus, all the time that McAllister was incarcerated prior the beginning of his sentence at Coleman Low Federal Correction Complex - whether he was incarcerated in a federal facility or state facility - was considered state time. Whether McAllister would have received credit for that time would depend on this Court's sentence.

When a federal district court is silent concerning the execution of multiple sentences, a sentence is automatically determined to be consecutive. I8 U.S.C. § 3584(a). *See United States v Martin,* 371 Fed Appx. 602, 606 (6th Cir. 2010) ("a district court may remain silent with respect to whether a federal sentence should run concurrent with or consecutive to a state sentence. In those instances, the federal sentence "run[s] consecutively"). Furthermore, even though the order was not presented to this Court, the default rule of running a state sentence consecutive to the federal sentence is lawful. As the Sixth Circuit noted in *Martin*, "when the possibility of a [state] sentence running concurrently was simply never raised before the district court, the last sentence of § 3584(a) provides a convenient "rule of construction" that would avoid unnecessary litigation." *Id.*

7

The sentence imposed by the district court was proper and there is no prejudice.

Moreover, at the time the Court resentenced McAllister, there was no state sentence to run the federal sentence concurrent to. Although a judge may decide to run a federal sentence consecutive or concurrent to a yet imposed state sentence (*Setser v. United States*, 132 S.Ct. 1463, 1468 (2012)), McAllister's federal sentence is still proper because even if the order had been presented to this Court, there is no guarantee that the Court would have ordered its sentence to be concurrent to the yet to be imposed state sentence. As the Sixth Circuit noted in, *Nguyen v. Department of Justice*, 173 F.3d 429 (6th Cir. 1999), a district court judge is not bound by a state court recommendation to make a federal sentence concurrent to a state sentence.

McAllister's counsel's failure to present the order to the Court cannot be said to be enough to undermine confidence in the proceedings. He has not demonstrated that he suffered prejudice.

**V. CONCLUSION**

McAllister's violation of due process claim is **DISMISSED**; it is procedurally defaulted. McAllister's ineffective assistance of counsel claim is **DENIED;** McAllister cannot demonstrate that he suffered any prejudice.

**IT IS ORDERED.**

    /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 19, 2013

The undersigned certifies that a copy of this document was served on the attorneys of record and Kenneth McAllister by electronic means or U.S. Mail on April 19, 2013.

S/Linda Vertriest
Deputy Clerk